UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

| | |
|---|---|
| **In re:** | **Chapter 7 (Involuntary)** |
| **AVANTAIR, INC.,** | **Case No. 8:13-09719-CPM** |
| Debtor, _____/ | |
| | **Adv. No.:** _____ |
| **CLIFFORD PRESS**, as authorized representative of the fractional owners of that certain aircraft bearing tail number N132SL, **AIRCRAFT VENTURES, LLC, ROBERT BURT, LYNN C. BURT, CORPORATE HEALTH PLANS OF AMERICA, INC., GREENSPRING ASSOCIATES, LLC III, HEELBUSTER, LLC, INTERNATIONAL REAL ESTATE HOLDING COMPANY, LLC, M&T ENTERPRISE GROUP, LLC, MESQUITE AIR COMPANY, LLC, SAMOLOT, LLC, SUN FINANCIAL, LLC, TRIO TRAVEL, LLC, TUDOR COURT FARMS, LLC,** and **WALSH WILLETT AVIATION, LLC** | |
| Plaintiff, | |
| v. | |
| **AVANTAIR, INC., AGC AVIATION LLC, ALTERNATIVE VENTURES LLC, BEECHWOOD ASSOCIATES, LP, CATHERINE T. CALLENDER, DOUGLAS AND MAUREEN COHN, DMGAAIR LLC, FINS & FEATHERS, LLC, FRANKLIN RESEARCH GROUP, INC., DAVID HAYES, JV PLANE PARTNERS LLC, MRS AIR LLC, N724DB LLC, NICK'S PLANE, LLC, VERNON AND SHERIAN PLASKETT**, as trustees of **THE PLASKETT FAMILY TRUST, DAVID SCHULMAN, MICHAEL C. SLOCUM, TRAVIS PARTNERS, LLC, TRIAD FINANCIAL** | |

**SERVICES, INC., GREG WENDT, LW AIR II LLC, AND BANK OF UTAH, as Owner Trustee;**

      **Defendant.**

                                        /

## ADVERSARY COMPLAINT FOR DECLARATORY JUDGMENT

Plaintiffs, CLIFFORD PRESS ("Press"), not individually but solely in his capacity as authorized representative of 100% the fractional owners (collectively, the "Owners") of that certain Piaggio Avanti P-180 aircraft, manufacturer serial number 1098, bearing tail number N132SL (together with engines, propellers, components, accessories, parts, equipment, records, and documentation installed thereon, attached thereto, or otherwise pertaining thereto, "N132SL"), AIRCRAFT VENTURES, LLC, ROBERT BURT, LYNN C. BURT, CORPORATE HEALTH PLANS OF AMERICA, INC., GREENSPRING ASSOCIATES, LLC III, HEELBUSTER, LLC, INTERNATIONAL REAL ESTATE HOLDING COMPANY, LLC, M&T ENTERPRISE GROUP, LLC, MESQUITE AIR COMPANY, LLC, SAMOLOT, LLC, SUN FINANCIAL, LLC, TRIO TRAVEL, LLC, TUDOR COURT FARMS, LLC, and WALSH WILLETT AVIATION, LLC (collectively the "Plaintiffs"), by and through their undersigned counsel and pursuant to, 11 U.S.C. §§ 362 and 541, 28 U.S.C. §§ 2201 and 2202 and Federal Rule of Bankruptcy Procedure 7001, file this Adversary Complaint for Declaratory Judgment and allege as follows:

### Introduction

1. This is an action for declaratory relief pursuant to the provisions of the Federal Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202, brought for the purpose of (a) averting future claims by the estate of Avantair, Inc. ("Avantair") (or by the chapter 7 trustee on its behalf)

Case 8:14-ap-00319-CPM   Doc 1   Filed 04/10/14   Page 3 of 13

for sanctions for violations of the automatic stay, and (b) providing assurances to the fixed based operator (the "FBO") presently in possession of N132SL and other non-parties that it may release N132SL in accordance with applicable non-bankruptcy law notwithstanding several prior orders entered by this Court with respect of other aircraft providing that "[a]ny person that sells or transfers property of the Estate shall be subject to sanctions for violating the automatic stay." See, e.g. *Omnibus Order Granted Limited Interim Relief From Automatic Stay* [Main Case ECF No. 347].

2. This action is necessary because the Trustee (as hereinafter defined) is unwilling to agree that the bankruptcy estate of Avantair, Inc. has no legal or equitable interest in N132SL notwithstanding ownership of N132SL as reflected in the aircraft registry of the Federal Aviation Administration ("FAA") and the termination or subsequent rejection of any contractual relationship between the Owners and Avantair, Inc.

3. To the contrary, the Trustee has asserted an unspecified interest in N132SL, which exposes the Owners to potential adverse consequences should they proceed to take possession of or assert their interest in N132SL in any other forum. In the interim, however, the Avantair estate is not paying to maintain or store N132SL.

4. Moreover, owners of N106SL (hereinafter defined) and N184SL (hereinafter defined) have asserted claims to the engines and propellers presently affixed to N132SL, respectively. Such owners apparently base their claims solely on the fact that the engines and the propellers presently affixed to N132SL emanated from their respective aircraft without regarding for the fact that the engines were not on the aircraft when each of the current owners of N106SL purchased their respective interests in the aircraft.

3

5.  Plaintiffs wish to obtain possession of, control over, and marketable title to N132SL and plan to resolve the claims asserted by owners of N106SL and N184SL in state court in North Carolina, where N132SL is located.  In order to be able to do so without reprisals for violating the automatic stay or an order of this Court, Plaintiffs seek the following declarations:  (a) that N132SL is not property of the bankruptcy estate of Avantair, Inc. pursuant to 11 U.S.C. § 541 or as contemplated by 28 U.S.C. § 1334(e)(1); and, (b) that the automatic stay pursuant to 11 U.S.C. § 362(a) does not prevent or preclude one or more Plaintiffs from taking action, including commencing an action in a court of competent jurisdiction, to obtain possession of, control over, and marketable title to N132SL.

### Jurisdiction and Venue

6.  This Court has limited subject matter jurisdiction pursuant to 28 U.S.C. § 1334(b) to determine the applicability of the automatic stay to N132SL and that N132SL is not property of the estate.

7.  By this action, Plaintiffs are not seeking any determinations from this Court regarding the relative ownership (or other) rights in N132SL of Plaintiffs as between them and the N106 Defendants (as hereinafter defined), Defendant LW Air II LLC, or any non-debtor party.  To the contrary, Plaintiffs respectfully submit that this Court lacks subject matter jurisdiction to determine property disputes as between two or more non-debtor parties where the debtor's estate lacks an interest in the property.

8.  This Court has personal jurisdiction over each Defendant pursuant to Fed. R. Bankr. P. 7004(f).

9.  To the extent of the relief sought herein, this is a core proceeding pursuant to 28 U.S.C. §§ 157(b)(2)(A)(G) and/or (O).

10.     Venue is proper in this District pursuant to 28 U.S.C. § 1409(a).

### **The Parties and Aircraft**

11.     Plaintiff CLIFFORD PRESS, an individual, is the authorized representative of 100% of the Owners pursuant to that certain Amended and Restated Interest Ownership Agreement dated as of January 14, 2014 by and between each of the Owners of N132SL (the "N132SL Ownership Agreement") and has been authorized to bring this action and otherwise act on behalf of the collective Owners pursuant to the provisions of such agreement.

12.     Plaintiffs AIRCRAFT VENTURES, LLC, ROBERT BURT, LYNN C. BURT, CORPORATE HEALTH PLANS OF AMERICA, INC., GREENSPRING ASSOCIATES, LLC III, HEELBUSTER, LLC, INTERNATIONAL REAL ESTATE HOLDING COMPANY, LLC, M&T ENTERPRISE GROUP, LLC, MESQUITE AIR COMPANY, LLC, SAMOLOT, LLC, SUN FINANCIAL, LLC, TRIO TRAVEL, LLC, TUDOR COURT FARMS, LLC, and WALSH WILLETT AVIATION, LLC are each fractional owners that, collectively, own 93.75% of the total fractional ownership interests in N132SL.

13.     Defendant AVANTAIR, Inc., a Nevada corporation, is the debtor in the underlying chapter 7 proceeding. Beth Ann Scharrer is the duly-appointed chapter 7 trustee for the estate of Avantair (the "Trustee").

14.     Defendants AGC AVIATION LLC, ALTERNATIVE VENTURES LLC, BEECHWOOD ASSOCIATES, LP, CATHERINE T. CALLENDER, DOUGLAS AND MAUREEN COHN, DMGAAIR LLC, FINS & FEATHERS, LLC, FRANKLIN RESEARCH GROUP, INC., DAVID HAYES, JV PLANE PARTNERS LLC, MRS AIR LLC, N724DB LLC, NICK'S PLANE, LLC, VERNON AND SHERIAN PLASKETT, as trustees of THE PLASKETT FAMILY TRUST, DAVID SCHULMAN, MICHAEL C. SLOCUM, TRAVIS PARTNERS, LLC,

TRIAD FINANCIAL SERVICES, INC., and GREG WENDT (collectively, the "N106SL Defendants") purport to be fractional owners of that certain Piaggio Avanti P-180 aircraft bearing tail number N106SL ("N106SL") and, upon information and belief, claim to own 100% of the fractional interests in such aircraft.

15. Defendant ALTERNATIVE VENTURES LLC is a N106SL Defendant, as well as an Owner of a 6.25% fractional interest in N132SL, and a party to the N132SL Ownership Agreement. ALTERNATIVE VENTURES LLC, however, is not a Plaintiff in this adversary proceeding.

16. Defendant LW AIR II LLC ("LW") purports to be the 100% owner of that certain Piaggio Avanti P-180 aircraft, manufacturer's serial number 1187, bearing tail number N184SL ("N184SL").

17. Defendant BANK OF UTAH, as Owner Trustee holds legal title to N184SL for the benefit of LW. [Main Case, ECF No. 255].

## General Allegations

18. Avantair sold fractional ownership interests in various aircraft as part of its "Fractional Aircraft Ownership Program" (the "Program").

19. In connection with the sale of fractional ownership interests, each fractional executed in substantially the same form and substance an Aircraft Interest Purchase Agreement (the "Purchase Agreement") and a Management and Dry Lease Exchange Agreement (the "MDLA;" the MDLA and the Purchase Agreement are collectively referred to as the "Program Documents") with respect to such fractional owner's fractional interest in a particular aircraft participating in the Program identified by manufacturer's serial number and tail number.

20.     Since July 25, 2013, the date of the commencement of Avantair's bankruptcy proceeding (the "Petition Date") until presently, N132SL has been in the possession of an FBO located in or around Greensboro, North Carolina.

21.     Each of the Owners executed Program Documents with respect to and in connection with the acquisition of their respective fractional interests in N132SL.

22.     Avantair sold 100% of the fractional ownership interests in N132SL to the Owners or their predecessor owners, as applicable, and did not retain a legal ownership interest in N132SL.

23.     The Aircraft Registry maintained by the FAA does not list Avantair as an owner of N132SL.

24.     Although Avantair was a party to each fractional owner's Program Documents, no fractional owner was a party to any other fractional owner's Program Documents.

25.     Indeed, Avantair sold various fractional interests in a particular aircraft over time and on different dates while retaining unsold fractional interests in a particular aircraft until such interests could be sold.

26.     Each particular fractional owner's Program Documents constituted contractual relationships exclusively between such fractional owner and Avantair although the Program Documents did create a tenancy in common between or among the various fractional owners of each particular aircraft.

27.     Further, the Program Documents provided that individual fractional owners could sell their interest in an aircraft participating in the Program to a replacement purchaser in order to upgrade to a different aircraft or to withdraw from the Program.

28.     Accordingly, with respect to each aircraft with more than one fractional owner, it is likely that each fractional owner acquired their particular fractional interest and executed their

particular Program Documents on different dates and by such dates, the subject aircraft was configured with engines and equipment different than that originally installed thereon.

29. Each Purchase Agreement and MDLA pertaining to N132SL omitted any description identifying the serial number or other identifier unique to the precise engines, propellers, or other equipment that would be affixed to N132SL.

30. Pursuant to the MDLA applicable to N132SL, Avantair was obligated, among other things, to maintain N132SL in the Program, keep the aircraft in good operating condition, and arrange for the inspection, maintenance, repair and overhaul of the aircraft in accordance with maintenance programs and standards established by the manufacturer of the aircraft (Piaggio) and approved by the FAA.

31. Each MDLA applicable to N132SL explicitly provides that Avantair would maintain enrollment of N132SL's engines "in an FAA approved engine program" and that Avantair "may in its sole discretion, at owner expense, upgrade, alter, or modify the Aircraft to (i) comply with [Avantair's] interpretations of FAR, (ii) be consistent with industry standards, (iii) comply with, or otherwise permit the Aircraft to be operated under, FAR Part 135, (iv) maintain the marketability of the Aircraft, or (v) provide for consistency in equipment, accessories or parts with respect to the Aircraft and any other Program Aircraft." [MDLA, Section VI, paras. 2 and 7].

32. On information and belief, Avantair routinely rotated various parts between and among the various aircraft in the Program, each of which were Piaggio Avanti P-180s.

33. By the Program Documents, each fractional owner anticipated and consented to the substitution of engines, propellers, and other life-limited parts as part of the Program.

34.     Upon information and belief, as permitted under the terms of Program Documents, different engines, propellers, or other life-limited parts were affixed to N132SL at the various points in time when the Owners each acquired their respective interests in N132SL.

35.     Both prior to and since the Petition Date, Avantair has failed to pay the fees and charges incurred by the FBO for the maintenance and storage of N132SL and has thereby exposed the aircraft to risk of detention and sale, as well as deterioration resulting in substantial loss. Moreover, liens have been filed against the aircraft and remain unsatisfied for goods and services apparently provided by third parties.

36.     Prior to the Petition Date, Avantair breached the Purchase Agreements and the MDLAs applicable to N132SL by, among other things, failing to provide the Owners with access to the aircraft, failing to properly maintain N132SL, permitting liens to attach to N132SL and negligently causing the FAA to issue an air worthiness directive grounding the aircraft.

37.     The Owners provided notice of termination of the Program Documents pertaining to N132SL prior to the Petition Date.

38.     Avantair has not attempted to assume any MDLA or Purchase Agreement pertaining to N132SL pursuant to 11 U.S.C. § 365(a).

39.     To the extent that the Program Documents pertaining to N132SL were executory contracts as of the Petition Date, such agreements have been rejected by operation of law pursuant to 11 U.S.C. § 365(d)(1).

40.     Notwithstanding the foregoing, the Trustee may contend that the estate of Avantair has a legal or equitable interest in N132SL.

**Claims of N106SL and N184SL**

41. Some or all of the fractional owners of N106SL have asserted a claim to the engines that are presently affixed to N132SL.

42. Upon information and belief, each of the N106SL Defendants executed Program Documents with respect to and in connection with the acquisition of their respective fractional ownership interests in N106SL.

43. Upon information and belief, Avantair sold 100% of the fractional ownership interests in N106SL and did not retain a legal ownership interest in N106SL.

44. The Aircraft Registry maintained by the FAA does not list Avantair as an owner of N106SL.

45. On information and belief, each of the N106 Defendants executed a contractual agreement that was similar in substance to the MDLA and that contained similar or identical provisions to those described in the paragraphs 29 and 30 above.

46. LW has asserted a claim to the propellers that are presently affixed to N132SL.

47. Upon information and belief, Program Documents were also executed with respect to and in connection with the acquisition of 100% of the fractional ownership interests in N184SL by LW, Bank of Utah, or both.

48. Upon information and belief, Avantair sold 100% of the fractional ownership interests in N184SL and did not retain a legal ownership interest in N184SL.

49. The Aircraft Registry maintained by the Federal Aviation Administration does not list Avantair as an owner of N184SL, but rather lists Bank of Utah as the sole owner of N184SL.

50. On information and belief, LW, Bank of Utah, or both executed a contractual agreement that was similar in substance to the MDLA in connection with N184SL and that contained similar or identical provisions to those described in the paragraphs 30 and 31 above.

### Basis for Declaratory Relief

51. Plaintiffs desire to obtain possession and control of, and marketable title to, N132SL and are prepared to bring an action in a court of competent jurisdiction to resolve the claims asserted by the N106 Defendants and LW, which cannot be resolved in this forum.

52. Although the Owners dispute the Trustee's claim of an interest in N132SL, the Owners do not wish to take any action that may violate the automatic stay or any order of this Court.

53. Because the Owners are without the use of N132SL, Avantair has failed to pay to maintain and store N132SL in the interim, and Avantair has allowed liens to attach to N132SL, the Trustee's assertion of an ownership interest in N132SL has damaged and continues to damage the Owners' interests in N132SL.

54. Plaintiffs also believe that third parties such as the FBO in possession of N132SL will require clarity from this Court regarding the effect of Avantair's bankruptcy on N132SL prior to releasing or taking any other action with respect to N132SL.

55. Accordingly, this demand for declaratory relief is not made for purposes of seeking an advisory opinion, but is needed to resolve an existing and live dispute between the Trustee and the Plaintiffs that creates doubt as to the relative legal rights, responsibilities, and obligations of the parties.

56. By declaring that the estate of Avantair has no legal or equitable interest in N132SL, that N132SL is not property of the estate, and that N132SL is not subject of the automatic stay, this

Court will remove the cloud of doubt preventing Plaintiffs from moving forward with an action to resolve claims of non-debtor third parties to its engines and propellers.

## COUNT I – DECLARATORY JUDGMENT AS TO PROPERTY OF THE ESTATE

57.  Plaintiffs incorporate by reference paragraphs 1 through 56 as if fully set forth herein.

58.  As of the Petition Date, the bankruptcy estate of Avantair, Inc. had no legal or equitable interest in N132SL.

59.  Avantair has not subsequently acquired any legal or equitable interest in N132SL.

WHEREFORE, Plaintiffs pray that this Court (a) declare that N132SL is not property of Avantair or its bankruptcy estate and is therefore not "property of the estate" pursuant to 11 U.S.C. § 541 and 28 U.S.C. § 1334(e), and (b) grant such other and further relief as is just and proper.

## COUNT II – DECLARATORY JUDGMENT AS TO AUTOMATIC STAY OR RELIEF FROM STAY

60.  Plaintiffs incorporate by reference paragraphs 1 through 56 as if fully set forth herein.

61.  As of the Petition Date, the bankruptcy estate of Avantair, Inc. had no legal or equitable interest in N132SL.

62.  Avantair has not subsequently acquired any legal or equitable interest in N132SL.

63.  Avantair therefore cannot have any equity in N132SL.

64.  Avantair is in liquidation, is not operating, and is not attempting or likely to reorganize.

65.  N132SL therefore cannot be necessary to an effective reorganization.

66. Avantair has failed to pay to store or maintain N132SL since the Petition Date.

67. Avantair has allowed liens to attach to N132SL.

WHEREFORE, Plaintiffs pray that this Court (a) declare that the automatic stay set forth in 11 U.S.C. § 362(a) is inapplicable to N132SL; or (b) alternatively, grant Owners complete relief from the automatic stay to take possession and control of N132SL and file suit against any and all appropriate parties in a court of competent jurisdiction to obtain marketable title to N132SL pursuant to 11 U.S.C. § 362(d(1) and (2); and (c) grant such other and further relief as is just and proper..

Dated:  April 10, 2014.

Respectfully submitted,

**BILZIN SUMBERG BAENA PRICE & AXELROD, LLP**
*Attorneys for Plaintiffs*
1450 Brickell Avenue, Suite 2300
Miami, Florida 33131
Telephone: (305) 374-7580
Facsimile: (305) 374-7593

By:     /s/ Scott L. Baena_____
        Scott L. Baena, Esq.
        Florida Bar No. 186554
        sbaena@bilzin.com
        Jeffrey I. Snyder, Esq.
        Florida Bar No. 021281
        jsnyder@bilzin.com

MIAMI 4119901.3 80768/43690