**UNITED STATES BANKRUPTCY COURT**
**FOR THE MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

**In re:**

**AVANTAIR, INC.,**

**Debtor,**
______________________________________/

**CLIFFORD PRESS, as authorized representative of the fractional owners of that certain aircraft bearing tail number N132SL, AIRCRAFT VENTURES, LLC, ROBERT BURT, LYNN C. BURT, CORPORATE HEALTH PLANS OF AMERICA, INC., GREENSPRING ASSOCIATES, LLC III, HEELBUSTER, LLC, INTERNATIONAL REAL ESTATE HOLDING COMPANY, LLC, M&T ENTERPRISE GROUP, LLC, MESQUITE AIR COMPANY, LLC, SAMOLOT, LLC, SUN FINANCIAL, LLC, TRIO TRAVEL, LLC, TUDOR COURT FARMS, LLC, and WALSH WILLETT AVIATION, LLC**

**Plaintiff,**

**v.**

**AVANTAIR, INC., AGC AVIATION LLC, ALTERNATIVE VENTURES LLC, BEECHWOOD ASSOCIATES, LP, CATHERINE T. CALLENDER, DOUGLAS AND MAUREEN COHN, DMGAAIR LLC, FINS & FEATHERS, LLC, FRANKLIN RESEARCH GROUP, INC., DAVID HAYES, JV PLANE PARTNERS LLC, MRS AIR LLC, N724DB LLC, NICK'S PLANE, LLC, VERNON AND SHERIAN PLASKETT, as trustees of THE PLASKETT FAMILY TRUST, DAVID SCHULMAN, MICHAEL C. SLOCUM, TRAVIS PARTNERS, LLC, TRIAD FINANCIAL SERVICES, INC., GREG WENDT, LW AIR**

**Chapter 7 (Involuntary)**

**Case No. 8:13-09719-CPM**

**Adv. No. 8:14-ap-00319-CPM**

**II LLC, AND BANK OF UTAH, as Owner Trustee;**

**Defendant.**
**______________________________________/**

**PLAINTIFFS' MOTION TO RECONSIDER ORDER GRANTING MOTION FOR EARLY MEDIATION**

CLIFFORD PRESS, not individually but solely in his capacity as authorized representative of 100% the fractional owners of that certain Piaggio Avanti P-180 aircraft, manufacturer serial number 1098, bearing tail number N132SL (together with engines, propellers, components, accessories, parts, equipment, records, and documentation installed thereon, attached thereto, or otherwise pertaining thereto, "N132SL"), which owners include AIRCRAFT VENTURES, LLC, ROBERT BURT, LYNN C. BURT, CORPORATE HEALTH PLANS OF AMERICA, INC., GREENSPRING ASSOCIATES, LLC III, HEELBUSTER, LLC, INTERNATIONAL REAL ESTATE HOLDING COMPANY, LLC, M&T ENTERPRISE GROUP, LLC, MESQUITE AIR COMPANY, LLC, SAMOLOT, LLC, SUN FINANCIAL, LLC, TRIO TRAVEL, LLC, TUDOR COURT FARMS, LLC, and WALSH WILLETT AVIATION, LLC (collectively, "Plaintiffs") move, pursuant to Fed. R. Bankr. P. 9023, for reconsideration of this Court's Order Granting Motion for Mediation [ECF No. 34] (the "Mediation Order") and state as follows:

As set forth in Plaintiffs' Complaint [ECF No. 1] (the "Complaint"), this Adversary Proceeding was brought because Plaintiffs wish to exercise and enforce their rights to N132SL, including, without limitation, the engines and other life-limited parts affixed thereto. Although neither the estate of Avantair, Inc. (the "Estate") nor the Chapter 7 Trustee (the "Trustee") are reflected as owners of N132SL in FAA records, the Trustee is unwilling to agree that N132SL is

not property of the estate that is subject to the automatic stay. Accordingly, Plaintiffs' Complaint seeks declaratory relief that N132SL is not property of the Estate and, accordingly, is not subject to the automatic stay or, alternatively, stay relief pursuant to 11 U.S.C. §§ 362(d)(1) & (2) for Plaintiffs to take control of N132SL and take all actions they deem necessary to obtain marketable title thereto.

Defendants AGC AVIATION LLC, ALTERNATIVE VENTURES LLC, BEECHWOOD ASSOCIATES, LP, CATHERINE T. CALLENDER, DOUGLAS AND MAUREEN COHN, DMGAAIR LLC, FRANKLIN RESEARCH GROUP, INC., DAVID HAYES, JV PLANE PARTNERS LLC, MRS AIR LLC, N724DB LLC, NICK'S PLANE, LLC, VERNON AND SHERIAN PLASKETT, as trustees of THE PLASKETT FAMILY TRUST, DAVID SCHULMAN, MICHAEL C. SLOCUM, TRAVIS PARTNERS, LLC, TRIAD FINANCIAL SERVICES, INC., and GREG WENDT (the "N106 Defendants") claim an interest in the engines which are presently affixed to N132SL (the "Engines"). The N106 Defendants sought the Mediation Order despite the fact that Plaintiffs do not seek any determination by this Court as to the ownership of the Engines. Rather, Plaintiffs seek to ensure that they are not prevented by the automatic stay from obtaining such a determination in a court of competent jurisdiction. The applicability of the automatic stay is a legal issue which is not suited to mediation.

Defendants' motion for early mediation (the "Mediation Motion") was neither set for hearing nor raised at the Pretrial Conference on August 18, 2014. *See Aug 18, 2014 Hr'g Minutes* [ECF No. 33]. Rather, at the Pretrial Conference, counsel for Plaintiffs and for the Chapter 7 Trustee announced that they had reached an agreement that will provide for Plaintiffs

to receive stay relief, among other things, and will therefore result in dismissal of this adversary proceeding without prejudice.

Plaintiffs and the Chapter 7 Trustee have since agreed on a form of stay relief order (the "Agreed Order") and, on September 9, 2014, Plaintiffs filed their Motion for Entry of Agreed Order Granting Final Relief from Automatic Stay, Certain Related Relief, and Resolving Related Adversary Proceeding in the main case [Main Case ECF No. 1253] (the "Stay Relief Motion").

Plaintiffs were surprised that the Mediation Order was entered, particularly since the Mediation Order references "the reasons stated" without any reasons having being set forth at the Pretrial Conference or in the Mediation Order itself. Moreover, mediation with the N106 Defendants is, at best, premature since the right to the Engines is not before this Court. In fact, the N106 Defendants claim to be "only nominal parties" to this proceeding and have even refused to respond to discovery propounded by Plaintiffs based on the assertion that while such discovery might be "reasonable and discoverable" in any lawsuit regarding Engine ownership in a *non-bankruptcy* forum, such discovery is irrelevant to the limited relief sought by Plaintiffs in the Complaint.[1] *See* July 23, 2014 letter attached as *Exhibit "A"* hereto at page 7.

The N106 Defendants cannot have it both ways. They cannot claim to be "nominal" defendants and refuse to participate in discovery in this forum based on relevance to the relief being sought while, at the same time, demand that this Court compel mediation.

At bottom, the N106 Defendants apparently agree with Plaintiffs believe that their respective interests in the Engines must be resolved under *non-bankruptcy* law in an appropriate *non-bankruptcy* forum. Since the Trustee has agreed to entry of the Agreed Order which, if

---

[1] Because the Stay Relief Motion is pending and, if granted, will result in dismissal of this Adversary Proceeding, Plaintiffs have not yet sought to compel appropriate discovery responses from the N106 Defendants in this Court.

entered, will result in dismissal of this Adversary Proceeding and free Plaintiffs to enforce their rights elsewhere without risk of violating the automatic stay, Plaintiffs respectfully request that this Court vacate the Mediation Order without prejudice.

WHEREFORE, Plaintiffs' respectfully request that the Court grant this Motion, vacate the Mediation Order, and grant such other and further relief as is just and proper.

Dated: September 9, 2014.

Respectfully submitted,

**BILZIN SUMBERG BAENA PRICE & AXELROD, LLP**
*Attorneys for Plaintiffs*
1450 Brickell Avenue, Suite 2300
Miami, Florida 33131
Telephone: (305) 374-7580
Facsimile: (305) 374-7593

By: /s/ Jeffrey I. Snyder
Scott L. Baena, Esq.
Florida Bar No. 186554
sbaena@bilzin.com
Jeffrey I. Snyder, Esq.
Florida Bar No. 021281
jsnyder@bilzin.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on September 9, 2014, a true and correct copy of the foregoing document was served via CM/ECF upon the parties registered set forth below.

/s/ Jeffrey I. Snyder
Jeffrey I. Snyder, Esq.

## SERVICE LIST

Lynn Welter Sherman, Esq on behalf of Defendant Avantair, Inc. - lynn.sherman@arlaw.com
Jake C. Blanchard, Esq. on behalf of N106 Defendants - jake@blanchardlaw.com
Donald R. Kirk - dkirk@carltonfields.com

# **EXHIBIT A**

**GRIFFIN, SERRANO & EWING, P.A.**
Attorneys At Law

Blackstone Building, Sixth Floor
707 Southeast 3rd Avenue
Fort Lauderdale, Florida 33316
Tel: (954) 462-4002
Fax: (954) 462-4009
jaewing@griffinserrano.com

Coral Gables Office
(305) 777-0247

Plantation Key Office
(305) 852-5500

July 23, 2014

***Via Electronic Mail: sbaena@bilzen.com;***
***Certified Mail – Return Receipt Requested; and***
***Facsimile: (305) 374-7593***

Scott Louis Baena, Esq.
Bilzen, Sumberg, Baena, Price and Axelrod, LLP
1450 Brickell Ave., Suite 2300
Miami, FL 33131

Re: ***Notice of Ownership and Demand for Removal of two Pratt & Whitney Engines, Serial Nos. RK0087 and RK0088.***
Our File No: 52-135

Dear Mr. Baena,

As you are already aware, the undersigned represents the interests of, AGC Aviation LLC, Alternative Ventures LLC, Beechwood Associates, LP, Catherine T. Callender, Douglas and Maureen Cohn, DMGAir LLC, Franklin Research Group, Inc., David Hayes, JV Plane Partners LLC, MRS AIR, LLC, N724DB , LLC, Nick's Plane, LLC, Vernon And Sherian Plaskett, as Trustees of The Plaskett Family Trust, David Schulman, Michael C. Slocum, Travis Partners, LLC, Triad Financial Services, Inc., And Greg Wendt and their fractional interests in one 2003 Piaggio, Model P180, Serial No. 1070, Registration No. N106SL aircraft ("Aircraft") as it pertains to the above matter.

Per your July 23, 2014 request for my specific objections to your voluminous discovery requests, and in an effort to resolve this discovery matter without need of wasting judicial resources, I will respond in-line below to each discovery request that I do not feel is reasonably related to your clients' two causes of action in the subject Adversary Proceeding ("Complaint"):

## I. FIRST REQUEST FOR PRODUCTION:

1. All documents pertaining to fractional interest(s) in Nl06SL owned by you.

**My clients ownership interest is not relevant to your clients ("N132SL") prayer for a declaratory judgment that N132SL is not "property of the estate" pursuant to 11 U.S.C. § 541 and 28 U.S.C. § 1334(e), and also not relevant to your prayer for a declaratory judgment that N132SL is not subject to the Automatic Stay set forth in 11 U.S.C. § 362(a). I refer to paragraph seven of the Complaint wherein N132SL states, "By this action, Plaintiffs are not seeking any determinations from this Court regarding the relative ownership (or other) rights in N132SL of Plaintiffs as between them and the N106 Defendants (as hereinafter defined), Defendant LW Air II LLC, or any non-debtor party." [emphasis ours].**

2. All documents pertaining to any agreements to which you and Avantair, Inc. or its estate are party.

**See response to first request for production.**

3. All documents pertaining to any agreements to which you and the Trustee are party.

**See response to first request for production.**

4. All documents authorizing, prohibiting, evidencing, or otherwise pertaining to Avantair's practice of rotating various parts between and among aircraft in its "Fractional Aircraft Ownership Program" including, without limitation, all documents pertaining to affixing, rotation, or removal of parts from Nl06SL.

**See response to first request for production.**

5. All documents pertaining to that certain P&W Canada PT6A66 engine with serial number TCE-RK088 including, without limitation, all documents reflecting or otherwise pertaining to your alleged interest therein.

**See response to first request for production.**

6. All documents pertaining to that certain P&W Canada PT6A66 engine with serial number TCE-RK087 including, without limitation, all documents reflecting or otherwise pertaining to your alleged interest therein.

**See response to first request for production**.

7. All documents pertaining to, reflecting, or tending to refute or disprove any claim of fractional ownership in N106SL by Avantair, Inc., its bankruptcy estate, or the Trustee.

**See response to first request for production.**

8. All documents pertaining to your denial in paragraphs 58 and 61 of your Answer.

**Whether or not my clients deny allegations or admit them in their responsive pleading, there is no cause of action against my nominal clients.**

9. All documents reflecting or pertaining to correspondence between or including you and the Trustee.

**See response to first request for production.**

10. All documents reflecting or pertaining to correspondence between or including you and one or more other fractional owners of Nl06SL.

**See response to first request for production.**

I 1. All maintenance logs and documents pertaining to maintenance of NI06SL.

**See response to first request for production.**

12. All maintenance logs and documents pertaining to the maintenance and/or overhaul of that certain P&W Canada PT6A66 engine with serial number TCE-RK087 and/or that certain P&W Canada PT6A66 engine with serial number TCE-RK088.

**See response to first request for production.**

13. All documents pertaining to any parts presently affixed to NI32SL other than engines in which you assert an interest including, without limitation, all documents reflecting or otherwise pertaining to your alleged interest therein.

**See response to first request for production.**

14. All documents pertaining to any claims that you have asserted against Avantair, Inc. or its estate.

**See response to first request for production. Having said that, any claims that have been asserted against Avantair are public knowledge and, as you are aware, there are no claims asserted against Avantair by any of the Defendants.**

15. All documents pertaining to the market value at any time of N106SL including, without limitation, appraisals, expressions of interest, and offers to purchase.

**See response to first request for production.**

16. All documents pertaining to the market value at any time of that certain P&W Canada PT6A66 engine with serial number TCE-RK087 andlor that certain P&W Canada PT6A66 engine with serial number TCE-RK088.

**See response to first request for production.**

17. All documents pertaining to the market value at any time of the engines presently affixed to N106SL.

**See response to first request for production.**

**FIRST SET OF INTERROGATORIES:**

1. Identify each date upon which you acquired a fractional interest in N106SL and the percentage interest then acquired.

**My clients ownership interest is not relevant to your clients ("N132SL") prayer for a declaratory judgment that N132SL is not "property of the estate" pursuant to 11 U.S.C. § 541 and 28 U.S.C. § 1334(e), and also not relevant to your prayer for a declaratory judgment that N132SL is not subject to the Automatic Stay set forth in 11 U.S.C. § 362(a). I refer to paragraph seven of the Complaint wherein N132SL states, "By this action, Plaintiffs are not seeking any determinations from this Court regarding the relative ownership (or other) rights in N132SL of Plaintiffs as between them and the N106 Defendants (as hereinafter defined), Defendant LW Air II LLC, or any non-debtor party." [emphasis ours].**

2. As of each date identified in response to interrogatory no. 1 above, identify by manufacturer and serial number each engine then affixed to N106SL and the number of hours on such engine on each such date.

**See response to first request for production.**

3. Identify each date upon which each engine identified in response to interrogatory no. 2 above was affixed to or removed from N106SL and, for each such date, identify the engine(s) affixed or removed by serial number(s) and indicate whether such engine was affixed or removed.
4. Identify each date upon which each engine identified in response to interrogatory no. 2 above was affixed to or removed from N132SL and, for each such date, identify the engine(s) by serial number(s) and whether such engine was affixed or removed.

**See response to first request for production.**

5. From the first date identified in response to interrogatory no, 1 above until the present, identify by manufacturer and serial number each engine affixed at any time to N106SL and the dates that such engine was affixed and, if applicable, subsequently removed.

**See response to first request for production.**

6. Do you assert an interest in that certain P&W Canada PT6A66 engine with serial number TCE-RK087? If so, identify the nature of the interest asserted and state the facts that support your claim of interest.

**See response to first request for production.**

7. Do you assert an interest in that certain P&W Canada PT6A66 engine with serial number TCE-RK088? If so, identify the nature of the interest asserted and state the facts that support your claim of interest.

**See response to first request for production.**

8. Identify by description, part number, and serial number any parts presently affixed to N132SL other than engines in which you assert an interest and, as to each part so identified, the nature of and basis for such claim of interest.

**See response to first request for production.**

9. Identify each and every communication between you and Avantair, Inc. regarding the maintenance, overhaul, rotation, substitution, condition, or value of one or more of the engines on N106SL by stating the date of such communication, the name and title of the representative of Avantair, Inc. that was party to such communication, and summarizing the subject matter and substance of such communication.

**See response to first request for production.**

10. State the facts supporting your denial in paragraphs 58 and 61 of your Answer to Complaint filed on May 19, 2014 of Plaintiffs' averment that "[a]s of the Petition Date, the bankruptcy estate of Avantair, Inc. had no legal or equitable interest in N132SL,"

**See response to first request for production.**

11. Have you been provided with or obtained any information concerning the market value of at any time of that certain P&W Canada PT6A66 engine with serial number TCE-RK087 and/ or P&W Canada PT6A66 engine with serial number TCE-RK088? If so, state the source of such information, the date such information was provided or obtained, the engine(s) to which such information pertained, and the market value as of such date,

**See response to first request for production.**

12. Have you been provided with or obtained any information concerning the market value of at any time of the engines originally affixed by the manufacturer to N106SL? If so, state the source of such information, the date such information was provided or obtained, the engine(s) to which such information pertained, and the market value as of such date.

**See response to first request for production..**

13. State the names and addresses of each and every Person that ever owned an interest in AGC Aviation, LLC and for each such Person state the amount of money invested by such Person in AGC Aviation, LLC, the percentage interest owned by such Person, the date(s) such Person acquired their interest and, if applicable, the dates such Person divested their interest.

**See response to first request for production.**

14. Do you presently or have you ever owned an interest in any aircraft other than N106SL? If so, identify all such aircraft by manufacturer, serial number, and registration number, state the date upon which such interest was acquired and, if applicable, divested, and indicate whether such interest was whole or fractional and, if the latter, indicate the percentage of such aircraft owned. (This question was only propounded to Alternative Ventures, LLC.)

**See response to first request for production.**

Given that my clients are only nominal parties and that there is no cause of action upon which N132SL seeks relief from my clients, none of the requested discovery is in any way reasonably related to your legal argument that N132SL is not property of the Estate and not subject to the Automatic Stay. As a result, I again request that you ask your clients to strike this discovery so that my clients do not unnecessarily waste further expense assembling discovery

that is not relevant to your Adversary Proceeding. In the event that you prevail in your action for declratory relief, and advance a civil action against my clients in order to determine ownership of the subject engines, the above-described discovery requests appear, for the most part, to be reasonable and discoverable. I will await your clients decision until I file a protective order, but must do so at the close of business today.

Sincerely,

________*/Jonathan A. Ewing/*_________

**JONATHAN A. EWING, BCS**
Board Certified Aviation Lawyer